

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| LATERICA ALLEN | CIVIL ACTION NO.10-0418 |
| -vs- | JUDGE DRELL |
| SALLY BEAUTY SUPPLY LLC | MAGISTRATE JUDGE KIRK |

## R U L I N G

Before the Court is a "Motion for Summary Judgment" filed by Sally Beauty

Supply LLC in the above captioned matter. (Doc. 20). For the following reasons, the

motion is **GRANTED IN PART** and **DENIED IN PART**.

I.    Procedural Background

On February 3, 2010, Laterica Allen filed a Petition for Damages (Doc. 1-1)

against Sally Beauty Supply LLC ("Sally's") in the 9th Judicial District Court. In her

petition, plaintiff alleges she was wrongfully terminated by Defendant and seeks,

among other relief, "bonus pay owed to her for the time period she was employed."

Ms. Allen was hired by Defendant as an inside sales clerk in February 2007 and was

promoted to the position of a store manager of the Pineville, LA Sally's location in

March 2008. Plaintiff claims that she was fired from her position as store manager

after she hired Samuel Howard to work at the same store location. Plaintiff states it

was within her job responsibilities to make hiring decisions. On his application for

employment with Sally's, Mr. Howard did not include any work history and he

admitted to having been convicted of felony drug charges and serving time in prison. The Loss Prevention and Human Resources Departments of Sally Beauty Supply LLC contacted Plaintiff concerning the hiring of Mr. Howard, and Plaintiff was subsequently terminated. Plaintiff does not cite to any federal or state, statutory or constitutional law which Defendant is supposed to have violated in terminating Plaintiff. Defendant filed the present motion for summary judgment (Doc. 20). Plaintiff has opposed this motion (Doc. 24), and Defendant replied to Plaintiff's opposition (Doc. 25). Through the present motion and related filings, we have determined that Plaintiff has tried to assert claims for (1) wrongful termination; (2) entitlement to her bonus check; and (3) wage retaliation. We have considered the pleadings and documents in this matter, and the disposition of the motion is now appropriate.

II.     **Law and Analysis**

A.     **Standard for Motion for Summary Judgment**

A court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Although Rule 56 was amended effective December 1, 2010, "the amended rule contains no substantive change to the standard." Seacor Holdings, Inc. v. Commonwealth Ins. Co., 635 F.3d 675, 680, n.8 (5th Cir. 2011). An issue as to a material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). We consider all "evidence in the light most favorable to the party resisting the motion." Trevino v. Celanese Corp., 701 F.2d 397,

2

407 (5th Cir. 1983). It is important to note that the standard for a summary judgment is two-fold: (1) there is no genuine dispute as to any material fact, *and* (2) the movant is entitled to judgment as a matter of law.

B.      Wrongful Termination Claim

It is undisputed that Plaintiff was an "at-will" employee with Defendant. Under Louisiana law as applied by the Fifth Circuit, Plaintiff could be "terminated at any time, for any reason or for no reason at all, provided the termination does not violate any statutory or constitutional provision." Wallace v. Shreve Memorial Library, 79 F.3d 427, 429 (5th Cir. 1996). We find no indication in the record and Plaintiff has failed to allege any statutory or constitutional provision which Defendant violated by terminating her employment. See Stewart v. Courtyard Management Corporation, 155 Fed. Appx. 756, 759, 2005 WL 3114914, *3 (5th Cir. 2005). Accordingly, we GRANT Defendant's motion for summary judgment insofar as it relates to Plaintiff's wrongful termination claim.

C.      Entitlement to Bonus Check

At the time Plaintiff was terminated, Defendant had a policy for store managers to be awarded a bonus payment if their store location met or exceeded certain sales and other requirements. The bonus policy reads:

> All bonuses are subject to the condition precedent that the participant be employed on the date which bonuses are paid, whether the termination of employment is voluntary or involuntary (*unless applicable state laws prohibit such enforcement*).

(Doc. 20-5) (emphasis added). Plaintiff was involuntarily terminated on February 6, 2009. Plaintiff seeks her bonus payment from the last quarter of 2008, which was to

3

be paid February 13, 2009. It is undeniable that Plaintiff failed to meet the condition precedent to receive the bonus, i.e., she was not employed on the date the bonus was to be paid. However, we find a genuine dispute as to a material fact concerning whether applicable Louisiana state laws prohibit the enforcement of this condition precedent such that Plaintiff is not entitled to her bonus from the last quarter of 2008.

In their pleadings, the parties reference La. R.S. 23:631A(1)(a) which states:

> Upon the discharge of any laborer or other employee of any kind whatever, it shall be the duty of the person employing such laborer or other employee to pay the amount then due under the terms of employment, whether the employment is by the hour, day, week, or month, on or before the next regular payday or no later than fifteen days following the date of discharge, whichever occurs first.

Neither Defendant nor Plaintiff, however, has presented facts which allow us to determine if the bonus was, in fact, "due" to Plaintiff at the time of her termination such that the bonus policy is prohibited by state law. The facts indicate the bonus was for the last quarter of 2008, which *suggests* the final three (3) months of the calendar year for 2008. Plaintiff was undoubtedly employed with Defendant as a store manager during that entire time and would have performed the services required for the payment of her bonus for that quarter. If such is the case, Defendant's policy appears to be prohibited by La. R.S. 23: 634A:

> No person, acting either for himself or as agent or otherwise, shall require any of his employees to sign contracts by which the employees shall forfeit their wages if discharged before the contract is completed or if the employees resign their employment before the contract is completed; but in all such cases the employees shall be entitled to the wages actually earned up to the time of their discharge or resignation.

4

If the bonus policy requires employment *beyond* the accrual period, at least one Louisiana appellate court has indicated such a policy is prohibited by state law. Pender v. Power Structures, Inc., 359 So.2d 1321, 1323, n.2 ("an employer cannot require an employee to continue in employment after the end of the period during which the services where performed which gave rise to the profits and the bonus based thereon").[1] We do not decide at this time whether Louisiana state law prohibits the enforcement of Defendant's bonus policy. We do find that there is a genuine dispute of material fact concerning Plaintiff's entitlement to the payment of her bonus for the last quarter of 2008, therefore Defendant's motion as to this issue is DENIED.

D.    Wage Retaliation Claim

In her opposition, Plaintiff admits her complaint did not assert a wage retaliation claim. Defendant addressed this issue out of an abundance of caution in its present motion. We address this claim for the same reason.

To survive a motion for summary judgment on a wage retaliation claim under the Fair Labor Standards Act ("FLSA"), the plaintiff must make a prima facie showing of:

(1) participation in a protected activity under the FLSA;

(2) an adverse employment action; and

---

[1] The Louisiana Supreme Court has determined an employer may set a date by which the employee must still be employed in order to be entitled to the bonus. Foshee v. Georgia Gulf Chemicals & Vinyls, L.L.C., 42 So.3d 346, 348 (La. 2010). However, the bonus policy in Foshee only required employment through the end of the accrual period, not at the time of the bonus payment.

(3) a causal link between the activity and the adverse action.
Hagan v. Echostar Satellite, L.L.C., 529 F.3d 617, 624 (5th Cir. 2008).

In her deposition, Plaintiff stated she called the "labor board" between September and November of 2008 concerning payment for overtime hours worked. When asked if she thought she *might* have been terminated because she called the labor board, Plaintiff responded in the affirmative. However, Plaintiff's statement was based on mere speculation and she did not present evidence either at her deposition or in later pleadings that her termination was in any way related to her calls to the labor board. We find that Plaintiff is unable to assert facts necessary to establish a prima facie case for wage retaliation, therefore we GRANT defendant's motion for summary judgment as to this claim. An appropriate order will issue.

SIGNED on this 12 day of October, 2011 at Alexandria, Louisiana.

DEE D. DRELL
UNITED STATES DISTRICT JUDGE

6